# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 16-30063

————

IN RE: DEEPWATER HORIZON

-------------------------------------------

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2016

Lyle W. Cayce
Clerk

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; ET AL,

Plaintiffs

v.

BP EXPLORATION ; PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP p.l.c.,

Defendants - Appellees

v.

ANDRY LAW FIRM, L.L.C.,

Movant - Appellant

————

Appeal from the United States District Court
for the Eastern District of Louisiana

————

Before CLEMENT, PRADO, and OWEN, Circuit Judges.

No. 16-30063

PER CURIAM:[*]

The Andry Law Firm, LLC ("Andry") moved the district court to enforce its purported settlement with BP Exploration & Production, Inc. ("BP") and "order the Claims Administrator to promptly pay [Andry's] final award in the amount of $7,818,693.95." The district court summarily denied Andry's motion. Andry appeals, asserting that this court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

Section 1291 "generally vests courts of appeals with jurisdiction over appeals from final decisions of the district courts." *Cunningham v. Hamilton Cty.*, 527 U.S. 198, 203 (1999) (internal quotation marks omitted). A decision is final when "it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* at 204 (internal quotation marks omitted). The district court's decision here is not a final decision because it clearly does not end the litigation between Andry and BP. The decision simply allows the Claims Administrator to comply with the district court's previous order "to process the claim in accordance with its applicable rules and policies."

We therefore DISMISS this appeal for lack of appellate jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.